# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Amy M. Acquaviva<br>    Debtor(s) | CHAPTER 13 |
| M&T Bank<br>    Movant<br>vs.<br>Amy M. Acquaviva<br>    Debtor(s) | NO. 22-12593 ELF |
| Kenneth E. West<br>    Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of January 10, 2023, The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,535.56.** <u>Post-petition funds received after January 10, 2023, will be applied per the terms of this stipulation as outlined here.</u> The arrearage breaks down as follows:

Post-Petition Payments:  October 2022 through January 2023 at $1,374.39/month
Fees & Costs Relating to Motion: $1,038.00
**Total Post-Petition Arrears  $6,535.56**

2. Debtor(s) shall cure said arrearages in the following manner;

 a). On or about January 9, 2023, Debtor shall make a tender payment of **$4,123.17** towards to the arrears.

 b). The remaining balance of **$2,412.39** shall be made to the Movant on or before <u>January 31, 2023</u> to the address below:

    M&T Bank
    Attn: Payment Processing
    P.O. Box 1288
    Buffalo, NY 14240-1288

 c). Beginning with the payment due February 2023 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of

$1,374.39 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 16, 2023

/s/ **Denise Carlon, Esquire**
Denise Carlon, Esquire
Attorney for Movant

Date: 1/30/23

Brad J Sadek, Esquire
Attorney for Debtor(s)

Date: 2/8/2023

/s/ Ann E. Swartz, Esquire for
Kenneth E. West, Esquire
Chapter 13 Trustee

## ORDER

Approved by the Court this __10th__ day of __February__, 2023. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank